

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-14-00159-CR
07-14-00160-CR

OSCAR IVAN GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court Nos. A16909-0608, A16910-0608,
Honorable Edward Lee Self, Presiding

November 18, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Oscar Ivan Garcia, entered a plea of guilty, pursuant to a plea bargain, in two separate cases to the lesser-included offense of injury to a child.[1]  In each case, appellant was placed on deferred adjudication community supervision for a period of five years.  The history of the cases reflects that the terms and conditions of community supervision were amended.  Further, in each case, the State of Texas filed to adjudicate

---

[1] See TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (West Supp. 2014).

appellant on two separate occasions. Ultimately, the State filed motions to adjudicate that resulted in appellant's current incarceration. At the hearing on the State's motion to adjudicate, appellant entered a plea of true to the allegations made by the State of Texas in each case. After finding the allegations were true, the trial court conducted a hearing on the issue of punishment. Subsequently, the trial court sentenced appellant to serve ten years confinement in the Institutional Division of the Texas Department of Criminal Justice in each case. The sentences were ordered to run concurrently. Appellant gave notice of appeal. We will affirm.

Appellant's attorney has filed an *Anders* brief and a motion to withdraw. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id*. at 744–45. In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the *Anders* brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991) (en banc). The Court has also advised appellant of his right to file a *pro se* response. Additionally, appellant's counsel has certified that he has attempted to assist appellant in obtaining access to a copy of the record to use in preparation of a *pro se* response. *See Kelly v. State,* 436 S.W.3d 313, 315 (Tex. Crim. App. 2014). Appellant has not filed a response.

By his *Anders* brief, counsel raises grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous. [2]

Accordingly, counsel's motion to withdraw is hereby granted, and the trial court's judgment is affirmed.

Mackey K. Hancock
Justice

Do not publish.

---

[2] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant□s right to file a *pro se* petition for discretionary review. *See* TEX. R. APP. P. 48.4.